### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| LEONARD TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:08-CV-316 |
| | ) | |
| HABIB ZADEH, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

This matter is before the Court on a complaint filed by Leonard Townsend. For the reasons set forth below, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Leonard Townsend ("Townsend"), a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983.  In that complaint, Townsend alleges that on October 9, 2004, Dr. Habib Zadeh operated on his left leg. "As a direct result of the surgery performed by the defendant Dr. Habib Zadeh, M.D., to the plaintiff, Leonard Townsend, the metal rod, installed was the wrong type . . .." Complaint at 3.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is

immune from such relief. Rule 12(b)(6) of the Federal Rules of

Civil Procedure provides for the dismissal of a complaint, or any

portion of a complaint, for failure to state a claim upon which

relief can be granted. Courts apply the same standard under § 1915A

as when addressing a motion under Rule 12(b)(6). *Lagerstrom v.*

*Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C.
> § 1983, . . . the plaintiff must allege that some person
> has deprived him of a federal right [and] . . . he must
> allege that the person who has deprived him of the right
> acted under color of state law. These elements may be put
> forth in a short and plain statement of the claim showing
> that the pleader is entitled to relief. FED. R. CIV. P.
> 8(a)(2). In reviewing the complaint on a motion to
> dismiss, no more is required from plaintiff's allegations
> of intent than what would satisfy RULE 8's notice
> pleading minimum and RULE 9(b)'s requirement that motive
> and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations,

quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires
> only "a short and plain statement of the claim showing
> that the pleader is entitled to relief." Specific facts
> are not necessary; the statement need only "'give the
> defendant fair notice of what the . . . claim is and the
> grounds upon which it rests.'" *Bell Atlantic Corp. v.*
> *Twombly*, 550 U.S. ____, ____, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. ____, ____; 127 S. Ct. 2197, 2200

(2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to
> dismiss does not need detailed factual allegations, a
> plaintiff's obligation to provide the "grounds" of his

-2-

"entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 127 S. Ct. at 1964-65 (quotation marks, ellipsis, citations and footnote omitted).

While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Nevertheless,

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson,* 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference is "something

approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Townsend does not allege that Dr. Zadeh was deliberately indifferent. Rather he merely alleges that the doctor selected the wrong type of rod to replace his femur. As tragic as the

-4-

consequences of this may have been, such an allegation does not state claim under section 1983. The facts alleged by Townsend may or may not constitute medical malpractice, unreasonableness, negligence, or incompetence; but they do not constitute deliberate indifference. Though Townsend may have a state law claim for medical malpractice or negligence, this complaint does not state a federal constitutional claim for a violation of the Eighth Amendment. Therefore this lawsuit will be dismissed without prejudice so that he may pursue, or continue pursuing,[1] whatever state law claims he may have.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

DATED:  August 1, 2008                    /s/RUDY LOZANO, Judge
                                          **United States District Court**

---

[1] In his recitation of previous lawsuits related to these same facts, Townsend mentions five different State court case numbers. Complaint at 5, 7, and 8.